UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH G. MCCARTY,<br><br>Petitioner,<br><br>v.<br><br>SCOTT KERNAN,<br><br>Respondent. | No. 2:18-cv-0037 KJN P<br><br><br>ORDER TO SHOW CAUSE |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

Petitioner was convicted in Butte County Superior Court in 2014. As noted in the January 19, 2018 order, the instant petition is addressed to the California Supreme Court, as is his accompanying "request for time" and declaration. (ECF No. 1 at 1, 21, 22.) Moreover, in his grounds for relief, petitioner states that he "moves the Supreme Court of California to review the findings of the Third District Appellate Court of California." (ECF No. 1 at 3.) Petitioner was previously informed that he must mail a petition directed to the California Supreme Court directly to the California Supreme Court.[2] (ECF No. 3 at 1-2.) This court does not have appellate jurisdiction over the California Supreme Court and cannot direct the California Supreme Court to review petitioner's claims. Petitioner must ask the California Supreme Court to review claims.

Petitioner concedes that the grounds for relief contained in the instant petition are the same grounds included in the petition for writ of habeas corpus filed in the Butte County Superior Court on October 24, 2017, and denied on or about October 25, 2017. It appears that such claims were filed in the petition for writ of habeas corpus filed in the California Court of Appeal for the Third Appellate District on November 13, 2017, which was denied as successive on December 7, 2017. Petitioner has not filed a petition for writ of habeas corpus in the California Supreme Court after December 7, 2017; thus, it appears that the claims included in the instant petition have not been presented to the California Supreme Court. In an abundance of caution, petitioner is ordered to show cause why this action should not be dismissed based on petitioner's failure to exhaust state court remedies.[3] Failure to show cause will result in a recommendation that this action be dismissed without prejudice.

---

[2] The California Supreme Court is located at 350 McAllister Street, San Francisco, CA 94102-4797.

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. Petitioner show cause, within thirty days, why his application for a writ of habeas corpus should not be dismissed for failure to exhaust state remedies; and

3. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California

Dated: March 1, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mcca0037.103osc