UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH G. MCCARTY, | No. 2:18-cv-0037 KJN P |
| Petitioner, | |
| v. | ORDER |
| SCOTT KERNAN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 2, 2018, petitioner filed a request to stay this action pending exhaustion of state court remedies. Petitioner provided a copy of the cover sheet from his February 26, 2018 filing in the California Supreme Court.

Petitioner was convicted in the Butte County Superior Court in 2014. On October 24, 2017, petitioner filed the instant claims in a petition for writ of habeas corpus in the Butte County Superior Court on October 24, 2017, which was denied on or about October 25, 2017. Petitioner filed such claims in a petition for writ of habeas corpus filed in the California Court of Appeal for the Third Appellate District on November 13, 2017, which was denied as successive on December 7, 2017. His petition was filed in the California Supreme Court on February 26, 2018, in Case No. S247273, but the court is unable to determine whether an earlier filed date governs under the mailbox rule.

1

The instant petition is presently unexhausted. In the instant motion for stay, petitioner requests a stay until the writ is adjudicated by the California Supreme Court. As explained below, petitioner's filing is insufficient to demonstrate that he is entitled to a stay.

As petitioner was previously informed, the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

In order to obtain a stay in this action, petitioner must file a motion for stay that demonstrates he is entitled to stay and abey this action. Federal law recognizes two different procedures that a prisoner may use to stay a federal habeas action. See Rhines v. Weber, 544 U.S. 269 (2005) (staying timely mixed petition); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (allowing prisoner to dismiss unexhausted claims and stay action as to exhausted claims subject to potential later amendment of petition).[1]

Under Rhines, a district court may stay a mixed petition if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id., 544 U.S. at 278; Mena v. Long, 813 F.3d 907, 911 (9th Cir. 2016) ("a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines."). The Supreme Court has made clear that this option "should be available only in limited circumstances." Id. at 277. Moreover, a stay that is granted pursuant to Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court. Id. at 277-78.

"Good cause" under Rhines is not clearly defined. The Supreme Court has explained that in order to promote the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") twin goals

---

[1] Because the instant petition is wholly unexhausted, petitioner may not avail himself of the Kelly procedure.

of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277. The Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default. See, e.g., Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D. S.D. 2005) (applying the Supreme Court's mandate on remand). This view finds support in Pace, where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition. Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit ruled that petitioner did not show good cause by arguing that he was "under the impression" that his counsel had raised all claims before the state court of appeal. Wooten, 540 F.3d at 1024. The Ninth Circuit explained that finding good cause in that argument "would render stay-and-abey orders routine" and "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" Wooten, 540 F.3d at 1024. In 2014, the Ninth Circuit clarified that "[t]he good cause element is the equitable component of the Rhines test," and that although "a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

Here, petitioner fails to demonstrate good cause or otherwise explain the delay in exhausting his state court remedies. If petitioner seeks relief under Rhines, he must file a motion for stay and address each of the three Rhines elements set forth above.

Thus, petitioner's motion for stay is denied without prejudice to renewal. Petitioner is granted thirty days in which to file a motion for stay under Rhines. By this order, the undersigned makes no ruling as to whether or not a motion for stay would be granted.[2] Petitioner is cautioned

---

[2] A one year statute of limitations is applicable to all claims presented in a federal habeas corpus petition. See 28 U.S.C. § 2244(d)(1); see also Mardesich v. Cate, 668 F.3d 1164 (9th Cir. 2012)

that failure to comply with this order will result in a recommendation that this action be dismissed without prejudice for failure to exhaust state court remedies.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for stay (ECF No. 12) is denied without prejudice; and

2. Petitioner is granted thirty days in which to file a motion for stay under <u>Rhines</u>; petitioner must address each of the required elements: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."

Dated: April 11, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mcca0037.stay.opt

---

(holding that the one year statute of limitations applied to each claim in a habeas petition on an individual basis). Moreover, if petitioner exhausts any claim during the pendency of this action, he should inform the court as soon as possible.

4