UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH MCCARTY,<br><br>    Petitioner,<br><br>    v.<br><br>KEN CLARK,[1]<br><br>    Respondent. | No. 2:18-cv-0037 TLN KJN P<br><br>FINDINGS & RECOMMENDATIONS |

I. Introduction

    Petitioner is a state prisoner, proceeding without counsel and in forma pauperis. Petitioner raises four claims in his petition under 28 U.S.C. § 2254. Respondent moves to dismiss the petition on the following grounds: (1) the petition was filed beyond the one-year statute of limitations; (2) claim one should be dismissed for failure to state a cognizable federal habeas claim; and, alternatively, the petition should be dismissed for being unexhausted at the time of filing. Petitioner filed an opposition. In his reply, without conceding the issue, respondent withdraws his argument that the federal petition should be dismissed as untimely, and asks the

---

[1] Petitioner named Scott Kernan as respondent. Ken Clark, the Warden of California State Prison, Corcoran, where petitioner is incarcerated, is substituted in as the correct respondent. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254).

1

court to address his remaining arguments. As set forth below, the undersigned recommends that the motion to dismiss be granted.

II. Background

    A. On October 7, 2014, in Butte County Superior Court No. CM038595, a jury convicted petitioner of corporal injury to a spouse, and a number of sentencing enhancements were found true. (ECF No. 24-1 at 2.) Petitioner was sentenced on December 4, 2014, to an indeterminate state prison term of 39 years-to-life with the possibility of parole. (ECF No. 24-1 at 2.)

    B. Petitioner's sentencing and appeal were consolidated with Butte County Superior Court No. CM040871, a case in which petitioner pled no contest to vandalizing the county jail. (ECF No. 24-1 at 2-6; 24-2 at 2-3.)

    C. On April 19, 2016, the California Court of Appeal, Third Appellate District, affirmed the judgment in No. CM038595. Also, the court remanded No. CM040871 "to the trial court with directions to order the preparation of a corrected abstract of judgment that shows the order of victim restitution to the Butte County Sheriff's Department in the amount of $4,851.21." (ECF No. 24-2 at 5.)

    D. Petitioner did not seek review in the California Supreme Court.

    E. Petitioner filed eight pro se post-conviction collateral challenges in state court:[2]

        1. On March 8, 2016, a petition for writ of habeas corpus was filed in the Butte County Superior Court (ECF No. 24-3 at 2-11), which was denied on March 16, 2016 (ECF No. 24-4).

        2. On November 20, 2016, a petition for writ of habeas corpus was filed in the Butte County Superior Court (ECF No. 24-5), and was denied on December 5, 2016 (ECF No. 24-6).

        3. On December 29, 2016, a petition for writ of habeas corpus was filed in the California Court of Appeal (ECF No. 24-7), and denied on January 12, 2017 (ECF No. 24-8).

---

[2] All of petitioner's subsequent court filings were given benefit of the mailbox rule. See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (under the mailbox rule, the petition is deemed filed when handed to prison authorities for mailing).

4. On January 22, 2017, petitioner filed a petition for review in the California Supreme Court (ECF No. 24-9), which was denied on March 1, 2017 (ECF No. 24-10).

5. On July 25, 2017, a petition for writ of habeas corpus was filed in the Butte County Superior Court (ECF No. 24-11), which was denied on August 2, 2017 (ECF No. 24-12).

6. On October 17, 2017, a petition for writ of habeas corpus was filed in the Butte County Superior Court (ECF No. 24-13), which was denied on October 25, 2017 (ECF No. 24-14).

7. On November 13, 2017, a petition for writ of habeas corpus was filed in the California Court of Appeal (ECF No. 24-15), which was denied on December 7, 2017, with a citation to In re Clark, 5 Cal.4th 750, 767-69, 782-83, 797 (1993) (ECF No. 24-16).

8. On February 21, 2018,[3] petitioner filed a petition for writ of habeas corpus in the California Supreme Court (ECF No. 24-17), and was denied without comment on May 9, 2018 (ECF No. 24-18).

F. Petitioner filed his petition in this action on December 18, 2017 (ECF No. 1.)

III. Motion to Dismiss

A. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

////

////

---

[3] This eighth petition contains a number of signature dates on both the petition and the proof of service, the latest of which is February 21, 2018. (ECF No. 24-17.) The undersigned finds February 21, 2018, to be the appropriate filing date because it closely precedes the court's filing date of the eighth petition.

3

B. Exhaustion

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[4] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

Here, the record makes clear that petitioner failed to exhaust his claims in the California Supreme Court before filing the instant action. Indeed, the twenty-page petition filed in the California Supreme Court on February 26, 2018, is a duplicate of the petition filed in this action on January 8, 2018, except for the signature dates and file stamp dates. (Compare ECF No. 1 with ECF No. 24-17.) The petition was denied by the California Supreme Court on May 9, 2018.

On April 11, 2018, the undersigned found petitioner's motion for stay pending exhaustion was insufficient to demonstrate that he was entitled to a stay, provided the governing standards, and granted petitioner thirty days in which to file a motion for stay under Rhines v. Weber, 544 U.S. 269 (2005). (ECF No. 13.) Petitioner did not file another motion for stay. Moreover, petitioner did not address Rhines in his opposition to the motion.

Therefore, because petitioner failed to exhaust all of his claims raised in the instant petition prior to filing the instant action, respondent's motion to dismiss should be granted.

C. New Habeas Action

In his May 11, 2018 filing, petitioner stated he was willing to exhaust his state court appeal in the California Supreme Court while the instant petition is voluntarily dismissed. (ECF No. 14.) In his opposition to the pending motion to dismiss, petitioner noted that the court found petitioner was not entitled to a stay, but that in the May 16, 2018 order, the court stated "petitioner could proceed in the United States District Court because petitioner exhausted his state

---

[4] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

4

remedies and was granted 14 days to respond if petitioner wished to proceed." (ECF No. 27 at 5.)

The May 16, 2018 order was issued in response to petitioner's May 11, 2018 apparent request to voluntarily dismiss this action and did not expressly rule on the issue of exhaustion.[5] However, in an abundance of caution, and to the extent the undersigned misled petitioner into believing he could proceed in this action on claims that had not been exhausted prior to the filing of the instant petition absent the grant of a stay under Rhines, the court will direct the Clerk of the Court to file the instant petition in a new action, filed *nunc pro tunc* on May 14, 2018,[6] and direct assign the case to the undersigned and United States District Judge Troy L. Nunley. However, nothing in these findings and recommendations should be construed to suggest that the court has made any determination as to whether such petition would be timely under 28 U.S.C. § 2244(d). (See, e.g., ECF No. 9 at 2 n.3.)

C. Respondent's Alternative Argument

Respondent argues that petitioner's first claim fails to state a cognizable federal habeas claim. In light of the above recommendations, the undersigned declines to address respondent's alternative argument. To avoid confusion, the court will address such claim in the new habeas action.

V. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 22) be granted;

2. The petition be dismissed without prejudice; and

3. The Clerk of the Court be directed to file the petition, *nunc pro tunc* as of May 14, 2018, as a new action for habeas corpus, direct assigned to the undersigned and United States

---

[5] Under certain circumstances, a petitioner may seek leave to amend to include newly-exhausted claims in a federal habeas action pending at that time. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008).

[6] It is clear from petitioner's May 11 filing that he was unaware that the California Supreme Court had denied his petition on May 9, 2018. Thus, the court chose the May 14, 2018 filing date by adding three days for mailing (Saturday, May 12, 2018), and having petitioner present the petition to prison officials for mailing to federal court on Monday, May 14, 2018.

5

District Judge Troy L. Nunley.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 20, 2018

/mcca0037.mtd.hc.fte

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE